UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JEREMIAH WILLIAMS,

                                    Plaintiff,

- against -

THE CITY OF NEW YORK; Detective JOSEPH
NOTTWITZ (Shield No. 5740), Detective ANGEL
LOPEZ (Shield No. 2666), Officer JOHN Doe 1,
Sergeant JOHN DOE 2, Officer JOHN DOE 3, Officer
JANE DOE  (the names "John Doe" and "Jane Doe"
being fictitious, as the true names and shield numbers
are not currently known), in their individual capacities,

                                    Defendants.

------------------------------------------------------------------------ x

**STIPULATED PROTECTIVE ORDER**

13-CV-2966 (ARR) (VMS)

        **WHEREAS**, defendants intend to produce certain documents pursuant to Rule 26 of the Federal Rules of Civil Procedure that they deem to be confidential or otherwise inappropriate for public disclosure; and

        **WHEREAS**, defendants will only produce these documents if appropriate protection for their confidentiality is assured; and

        **WHEREAS,** good cause exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

        **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the attorney for plaintiff and defendants, as follows:

        1.     As used herein, "Confidential Materials" shall mean: Contact Information for Witnesses to the Incident; New York City Police Department ("NYPD") personnel and disciplinary records; records of investigations regarding the conduct of Members of the Service of the NYPD conducted by the NYPD, the Civilian Complaint Review Board, or any other

agency; and other documents that may, during the pendency of this litigation, be designated "Confidential Material" by defendants or the Court, except that such documents and information shall not be deemed "Confidential Materials" to the extent, and only to the extent, that they are (a) obtained by plaintiff from sources other than defendants, or (b) are otherwise publicly available.

      2.    Plaintiff's attorney shall not use the Confidential Materials for any purpose other than for the preparation or presentation of plaintiff's case in this action.

      3.    Plaintiff's attorney shall not disclose the Confidential Materials to any person not a member of the staff of their law office, except under the following conditions:

    a.    Disclosure may be made only if necessary to the preparation or presentation of plaintiff's case in this action.

    b.    Disclosure before trial may be made only to plaintiff, to an expert who has been retained or specially employed by plaintiff's attorney in this action in anticipation of litigation or preparation for this action, to a witness at deposition, or to the Court.

    c.    Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court), plaintiff's attorney shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case. The signed consent shall be retained by plaintiff's attorney and a copy shall be furnished to defendants' attorneys upon their request.

      4.    Deposition testimony concerning any Confidential Materials that reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

5. The parties agree that, if any papers that incorporate Confidential Materials or reveal the contents thereof, are to be filed with the Court, the parties shall make a joint application to the Court for permission to file those papers under seal. If the Court grants permission for filing under seal, the filing shall be delivered to the Court enclosed in a sealed envelope bearing the caption of this action, an indication of the nature of the contents, and the following legend:

**CONFIDENTIAL**

This envelope contains documents or information designated confidential pursuant to an order entered by the United States District Court for the Eastern District of New York in the above-captioned action. This envelope shall not be opened or unsealed without the express direction of a judge of this Court, and its contents shall not be displayed or revealed except as the Court may order. This envelope and its contents shall at all times be maintained separate and apart from the publicly available files of this case.

6. This Protective Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Materials are produced or disclosed. All documents or information that have been deemed confidential pursuant to this order, including all copies and non-conforming copies thereof, shall remain confidential for all time. Once this case has been resolved, including all appeals, the confidential documents, including all copies and non-conforming copies thereof, shall not be used by plaintiff for any purpose.

7. This stipulation shall be binding upon the parties immediately upon signature, and shall be submitted to the Court for entry as an Order.

8. Nothing in this Stipulation and Protective Order shall be construed to limit defendants' use of the Confidential Materials in any manner.

9. Plaintiff's counsel shall keep confidential for "attorney's-eyes-only" the address, telephone number, social security number, date of birth, and other personal information regarding witnesses identified by the production of documents or otherwise identified in the course of this litigation. Such information shall be used only by the attorney or his law firm or agents for the purpose of communication with witnesses or the service of subpoenas, and shall not be disclosed to plaintiff, his family members, or other persons, and such information shall not be include in documents publicly filed with the Court.

*[Handwritten: 10. The trial judge shall make all decisions regarding the use of confidential material at trial. The court may modify this order at any time in the public interest.]*

Dated: February 19, 2014
New York, New York

RANKIN & TAYLOR
*Attorneys for Plaintiff*
11 Park Place, Suite 914
New York, New York 10007

By: _____
Robert M. Quackenbush
*Attorney for Plaintiff*

Dated: New York, New York
       2/20, 2014

ZACHARY W. CARTER
Corporation Counsel of the
  City of New York
*Attorney for Defendants City, Nottwicz and Lopez*
100 Church Street, Rm. 3-178
New York, New York 10007

By: _____
Tobias E. Zimmerman
*Assistant Corporation Counsel*

SO ORDERED: *as modified*.

_____
HON. VERA M. SCANLON
UNITED STATES MAGISTRATE JUDGE

## EXHIBIT A

The undersigned hereby acknowledges that (s)he has read the Confidentiality Stipulation and Order entered in the United States District Court for the Eastern District of New York dated February __, 2014 in the action entitled <u>Jeremiah Williams v. City of New York, et. al.</u>, 13-CV-2966 (ARR) (VMS) and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

_____
Date

_____
Signature

_____
Print Name

_____
Occupation