UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
JEREMIAH WILLIAMS,

                      Plaintiff,

           -v-

THE CITY OF NEW YORK, Detective JOSEPH NOTTWICZ (Shield No. 5740), Detective ANGEL LOPEZ (Shield No. 2666), Lieutenant SEAN WILLIAMS, Sergeant RICKY HICKS, Officer JOHN DOE, and Officer JANE DOE (the names "John Doe" and "Jane Doe" being fictitious as their true names and shield numbers are not currently known), in their individual capacities,

                      Defendants.
------------------------------------------------------------------x

**FIRST AMENDED COMPLAINT AND DEMAND FOR A JURY TRIAL**

**13-CV-2966 (ARR) (VMS)**

       Plaintiff JEREMIAH WILLIAMS, through his attorney ROBERT M. QUACKENBUSH of Rankin & Taylor, PLLC, as and for his first amended complaint, does hereby state and allege:

## PRELIMINARY STATEMENT

1. This is a civil rights action brought to vindicate plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States, through the Civil Rights Act of 1871, <u>as amended,</u> codified as 42 U.S.C. § 1983, and pendant claims under the laws of New York.

2. Plaintiff JEREMIAH WILLIAMS' right to be free from unreasonable seizures was violated when officials of the New York City Police Department ("NYPD") used gratuitous and unlawful force against him on May 7, 2012 – both during the course of his arrest and then again while in custody within the NYPD's 94th Precinct – causing Mr. WILLIAMS to endure, <u>inter alia</u>, a fractured orbital bone and impaired vision. By reason of defendants' use

of unreasonable force, Mr. WILLIAMS was deprived of his constitutional rights secured by the Fourth and Fourteenth Amendments.

3. Mr. WILLIAMS also seeks an award of compensatory and punitive damages and attorneys' fees.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§ 1331, 1343(a)(3-4). This action is brought pursuant to 42 U.S.C. § 1983 for violations of the Fourth and Fourteenth Amendments to the Constitution of the United States.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that Mr. WILLIAMS' claim arose in the County of Kings in the State of New York, within the confines of this judicial district.

6. Pursuant to New York State General Obligations Law § 50-e, Mr. WILLIAMS filed a timely Notice of Claim with the New York City Comptroller on or about August 2, 2012, within 90 days of the events herein complained of. Thus, this Court has supplemental jurisdiction over Mr. WILLIAMS' claims against defendants under the Constitution and laws of the State of New York because they are so related to the within federal claims that they form part of the same case or controversy pursuant to 28 U.S.C. § 1367(a).

7. Mr. WILLIAMS' claim was not adjusted by the New York City Comptroller's Office within the period of time provided by statute.

8. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. §1988.

## PARTIES

9. Plaintiff JEREMIAH WILLIAMS was at all times relevant to this action a resident of the County of Kings in the State of New York.

10. Defendant THE CITY OF NEW YORK ("CITY") is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The CITY assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the NYPD.

11. Defendants Detective JOSEPH NOTTWICZ (Shield No. 5740), Detective ANGEL LOPEZ (Shield No. 2666), Lieutenant SEAN WILLIAMS, Sergeant RICKY HICKS, Officer JOHN DOE, and Officer JANE DOE (referred to collectively as the "officer-defendants") are and were at all times relevant herein, officers, employees and agents of the NYPD.

12. The officer-defendants are being sued herein in their individual capacities.

13. At all times relevant herein, the officer-defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of NYPD and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the NYPD at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the NYPD.

14. The true names and shield numbers of Officer JOHN DOE and Officer JANE DOE are not currently known to Mr. WILLIAMS.[1] However, they were employees or agents of the NYPD on May 7, 2012 – the date of the incident described below. Accordingly, they may be entitled

---

[1] Upon information and belief, Officer JOHN DOE is an African-American male and Officer JANE DOE is a Latina female.

3

to representation in this action by the New York City Law Department ("Law Department") upon their request, pursuant to New York State General Municipal Law § 50-k.

15. The Law Department, then, is hereby put on notice (a) that Mr. WILLIAMS intends to name those officers as defendants in an amended pleading once their true names and shield numbers become known to him and (b) that the Law Department should immediately begin preparing the DOE defendants' defenses in this action.

16. The officer-defendants' acts hereafter complained of were carried out intentionally, recklessly, with malice, and in gross disregard of Mr. WILLIAMS' rights.

17. At all relevant times, the officer-defendants were engaged in a joint venture, assisting each other in performing the various actions described herein and lending their physical presence and support and the authority of their offices to one another.

## STATEMENT OF FACTS

18. On May 7, 2012 at approximately 2:00 p.m., Mr. WILLIAMS was walking to work in the vicinity of 125 Bedford Avenue in the County of Kings, in the Williamsburg neighborhood of Brooklyn.

19. As Mr. WILLIAMS was about to enter his workplace, two NYPD officials – Det. NOTTWICZ and Det. LOPEZ, wearing plainclothes – grabbed him from behind.

20. Dets. NOTTWICZ and LOPEZ then swept Mr. WILLIAMS' legs out from under him, causing Mr. WILLIAMS' head to slam into a set of nearby stairs.

21. Dets. NOTTWICZ and LOPEZ punched and otherwise struck Mr. WILLIAMS several times in his head-area and around his right eye, with each punch forcing the back of Mr. WILLIAMS' head to slam into the stairs.

22. At some point shortly thereafter, Lieutenant SEAN WILLIAMS used his TASER upon Mr. WILLIAMS.

23. After Mr. WILLIAMS was handcuffed and after the police cut his backpack off his back, the NYPD officials threw Mr. WILLIAMS into the back of a police car.

24. While in substantial pain related to the beating, Mr. WILLIAMS started kicking the windows of the police vehicle.

25. NYPD officials from the Emergency Service Unit ("ESU") arrived on scene and placed Mr. WILLIAMS in a body wrap. At least one of the ESU officials unnecessarily put pressure or otherwise pushed on Mr. WILLIAMS' eye injury, predictably causing extreme pain.

26. NYPD officials then transported Mr. WILLIAMS to Woodhull Hospital. There, he was diagnosed with a fractured orbital bone and given painkillers.

27. At some point late in the night of May 7, 2012, NYPD officials transported Mr. WILLIAMS to the NYPD's 94th Precinct, located at 100 Meserole Avenue in Brooklyn.

28. Once inside the precinct, Mr. WILLIAMS was placed into a cell with at least one other arrestee, upon information and belief, a Justin Alston.

29. Inside the cell, Mr. WILLIAMS repeatedly requested access to a phone. In response, Sergeant RICKY HICKS yelled back, in sum and substance, "SHUT UP, THIS IS MY FUCKING HOUSE."

30. Undeterred, Mr. WILLIAMS continued to request access to a phone to inform the outside world of his severe injuries.

31. Soon thereafter, Sergeant HICKS, Officer JOHN DOE, and Officer JANE DOE entered the cell.

32. Sergeant HICKS punched Mr. WILLIAMS in the face, and Officer JOHN DOE and Officer JANE DOE began kicking Mr. WILLIAMS while he was on the ground.

33. While Mr. WILLIAMS was being kicked, at least one of the NYPD officials told him, in sum and substance, "THIS IS MY HOUSE, I'LL FUCKING KILL YOU."

34. The NYPD officials thereafter left Mr. WILLIAMS in the cell, bleeding from his face and nose and in obvious, substantial pain.

35. As a result of defendants' actions, Mr. WILLIAMS suffered injuries including but not limited to a fractured orbital and associated pain and suffering.

36. As a predictable result of his orbital blowout fracture, Mr. WILLIAMS has experienced impaired vision and, at the time of this writing, has been repeatedly advised by medical professionals that he is at risk of a detached retina.

### FIRST CLAIM FOR RELIEF
### UNREASONABLE SEIZURE – EXCESSIVE FORCE
### FOURTH AND FOURTEENTH AMENDMENTS THROUGH 42 U.S.C. § 1983
(*Against all Officer-Defendants*)

37. Mr. WILLIAMS repeats and realleges each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38. The level of force employed by all of the officer-defendants – both at the scene of his arrest, inside the precinct, and at points in between – was objectively unreasonable and in violation of Mr. WILLIAMS' constitutional rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

39. As a result of the aforementioned conduct of the officer-defendants, Mr. WILLIAMS was subjected to unreasonably excessive force, causing injuries.

## SECOND CLAIM FOR RELIEF
## ASSAULT AND BATTERY
## <u>UNDER THE LAWS OF THE STATE OF NEW YORK</u>
### (*Against All Defendants*)

40. Mr. WILLIAMS repeats and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41. By the actions described above, all of the police officials described above did inflict assault and battery upon Mr. WILLIAMS. Their acts and omissions were the direct and proximate cause of injury and damage to Mr. WILLIAMS and violated his rights as guaranteed by the laws and Constitution of the State of New York.

42. The conduct of the police officials alleged herein occurred while they were on duty and/or in and during the course and scope of their duties and functions as police officials, and/or while they were acting as agents and employees of defendant CITY, clothed with and/or invoking state power and/or authority, and, as a result, the CITY is liable to Mr. WILLIAMS pursuant to the state common law doctrine of <u>respondeat superior</u>.

43. As a result of the foregoing, Mr. WILLIAMS suffered specific and serious bodily injury, pain and suffering, and was otherwise damaged and injured.

## THIRD CLAIM FOR RELIEF
## NEGLIGENCE
## <u>UNDER THE LAWS OF THE STATE OF NEW YORK</u>
### (*Against All Defendants*)

44. Mr. WILLIAMS repeats and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45. The police officials described above jointly, severally, and negligently caused injuries, and damage to Mr. WILLIAMS. The acts and conduct of the officer-defendants were the direct

and proximate cause of injury and damage to Mr. WILLIAMS and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

46. The conduct of the police officials alleged herein occurred while they were on duty and/or in and during the course and scope of their duties and functions as police officials, and/or while they were acting as agents and employees of defendant CITY, clothed with and/or invoking state power and/or authority, and, as a result, the CITY is liable to Mr. WILLIAMS pursuant to the state common law doctrine of respondeat superior.

47. As a result of the foregoing, Mr. WILLIAMS suffered specific and serious bodily injury, pain and suffering, and was otherwise damaged and injured.

## FOURTH CLAIM FOR RELIEF
## NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION & TRAINING UNDER THE LAWS OF THE STATE OF NEW YORK
(*Against THE CITY OF NEW YORK*)

48. Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49. Upon information and belief, the CITY negligently hired, screened, retained, supervised, and trained the police officials described above. The acts and conduct of the police officials were the direct and proximate cause of injury and damage to Mr. WILLIAMS and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

50. As a result of the foregoing, Mr. WILLIAMS suffered specific and serious bodily injury, pain and suffering, and was otherwise damaged and injured.

## JURY DEMAND

51. Mr. WILLIAMS demands a trial by jury in this action on each and every one of his damage claims.

**WHEREFORE**, Mr. WILLIAMS demands judgment against the defendants individually and jointly and prays for relief as follows:

a. That he be compensated for violation of his constitutional rights, pain, and suffering; and

b. That he be awarded punitive damages against the officer-defendants; and

c. That he be compensated for attorneys' fees and the costs and disbursements of this action; and

d. For such other further and different relief as to the Court may seem just and proper.

Dated:   New York, New York
         March 26, 2014

                                      Respectfully submitted,

                                      /s/

By:   _____
       Robert M. Quackenbush
       Rankin & Taylor, PLLC
       *Attorneys for the Plaintiff*
       11 Park Place, Suite 914
       New York, New York 10007
       t: 212-226-4507